## Enos Wilder *versus* George Holden.

The written return of the officer on a writ, is competent evidence to prove an attachment of property, notwithstanding the writ may have never been returned to the court to which it was returnable.

Certain beer pumps in the custody of H. were attached as the property of W., and were delivered by the officer to H. for safe keeping. In the absence of H. they were taken away by W. and a person who claimed them as his property. H. thereupon made a complaint against W., charging him with stealing the pumps. In an action brought by W. against H. for a malicious prosecution, H. gave in evidence a card which had been posted up at his place of business, and had been seen there by W., if not put up by him, advertising that W. made and sold beer pumps. It was *held*, that this card, though inadmissible as evidence of the ownership of the pumps attached, was nevertheless evidence of probable cause for making the complaint, it having some tendency, though very slight, to induce the defendant to believe that the plaintiff was the owner.

This was an action on the case for a malicious prosecution ; in which the plaintiff charged, that the defendant went before

the Police Court, in Boston, and falsely and maliciously, and without probable cause, complained of the plaintiff and charged him with feloniously stealing five beer pumps, the property of one Ebenezer Trescott, in the custody and possession of the defendant, the defendant knowing the plaintiff to be innocent of the crime ; of which charge the plaintiff was by the Police Court acquitted. Plea, not guilty.

At the trial, before *Shaw* C. J., the plaintiff gave in evidence the record of the complaint, and of the acquittal before the Police Court ; and the identity of the parties was admitted. The plaintiff then gave some evidence of express malice, on the part of the defendant, and there rested his case.

Holden, the defendant, then offered evidence to prove probable cause, by showing the circumstances under which the complaint was made. The case stated for Holden was this ; that on the 12th of March, 1831, Trescott, a constable of Boston, attached five beer pumps, as the property of Enos Wilder, then in the custody of Holden ; that Holden kept, in some capacity, in the store of Messrs. Cook & Co. in Broad street, brewers or dealers in beer, and that it was his place of business ; that after the attachment, Trescott requested Holden to take charge of the pumps and give his receipt for them, which he did, the receipt purporting to be a receipt in common form, reciting the attachment at the suit of Loammi Crosby & Co., and promising to return the pumps on demand or pay the debt ; that Wilder, knowing of the attachment, went the next day, to the store of Cook & Co., at an unseasonable hour, when Holden was absent, with two other persons, and assisted in taking away the pumps, without notice to any one in the store, and without permission, and afterwards, upon the application and remonstrance of Holden and of Crosby, refused to give up the pumps, or to state where they were, then saying they were the property of his brother, and his brother did not choose to have a controversy in law about them ; that thereupon Holden took the advice of counsel, and in pursuance of that advice, instituted the complaint in the Police Court.

The answer on the part of the plaintiff was, that the pumps were the property of his brother, and were not rightfully at-

tached as the plaintiff's ; that his brother was one of the persons who went with him to take away the pumps, as he lawfully might ; that he, the plaintiff, merely went with him to show him where they were and assist him in taking them away.

No evidence was given of the proceedings in the Police Court, or of the grounds upon which the plaintiff was there acquitted.

In order to prove the attachment, Trescott was called as a witness, and he produced an original writ, purporting to be dated the 12th of March, 1831, in favor of L. Crosby et al. against Enos Wilder, commanding him to attach property to the amount of $100, with a return thereon, of the same date, stating an attachment of five beer pumps, and an indorsement thereon, purporting to be signed by L. Crosby & Co., to this effect : " This writ is discharged by us." Trescott testified, that this writ and attachment were the same upon which Holden gave him a receipt, which he verified ; that before the return day he was informed that the demand was settled, and the writ was discharged by L. Crosby & Co., as appears on the writ ; and that he did not return the writ to the clerk's office, but has ever since kept it on his own file, as a settled writ, and from that file he now produced it.

The plaintiff's counsel objected, that an attachment could only be proved by a writ served and returned into the court from which it issued, according to law and the precept thereof ; but the objection was overruled, and the writ and return admitted as evidence, in connexion with the parol evidence, to prove the attachment.

A certain shop card, in which the plaintiff advertises that he will furnish beer pumps of the most approved kind, was given in evidence, on the part of Holden. This card, it was testified by Fullerton, the clerk of Cook & Co., was posted up in their beer store, and was taken down by him on the day of the trial. He did not know when or by whom it was posted up, or how long it had been there. There was nothing on the card itself to show when it was printed. It was considered as competent evidence, and admitted, though of very little importance. It was introduced in a late stage of the trial. Subsequently, the bill of W. W. Clapp, who appeared to be the

printer of the card, was read by consent, for the plaintiff, showing that he printed a quantity of cards for the plaintiff in May 1831, subsequently to the prosecution.

The jury returned a verdict for the defendant, and the plaintiff moved for a new trial on account of the admission and rejection of evidence as above stated.

*S. D. Parker* supported the motion.

*Ward*, for the defendant.

MORTON J. delivered the judgment of the Court. To maintain this action the plaintiff must prove *malice* and a *want of probable cause.* The former may be inferred from the latter. 2 Stark. Ev. 915 ; *Farmer* v. *Darling*, 4 Burr. 1971 ; *Sutton* v. *Johnstone*, 1 Th. 518. Malice is any wrong or unjustifiable motive. Of the existence of this the want of probable cause is not only evidence, but very strong evidence. He who will prosecute his neighbour for a crime of which he has no reason to believe him to be guilty, surely cannot be influenced by private friendship, a love of justice or any other justifiable motive.

The question of probable cause is a mixed question, partly of law and partly of fact. But not, as in many cases, so combined as to blend the duties of the court and jury. What facts constitute probable cause, is a question for the court. Whether those facts exist, in each particular case, is a question for the jury. The jury must weigh the evidence and ascertain what facts are proved, and the court must determine the inference of law from them.

There is no doubt that the facts of which evidence was offered, and which, the jury were instructed, amounted to probable cause, were such as would induce a candid and intelligent man, in the defendant's situation, to believe the plaintiff to be guilty of the crime for which he was prosecuted. One circumstance is very strong, if not decisive, in favor of the defendant. He who honestly and fairly takes the advice of counsel, is justified in following it. *Ravenga* v. *Mackintosh*, 2 Barn. & Cressw. 693 ; *Stone* v. *Swift*, 4 Pick. 389.

The return on the original writ was admissible, with the other evidence, and would have been without it. We know of no way to prove an attachment of property, but by the

Wilder<br>v.<br>Holden.

March 14th<br>1833.

March 18th<br>1833.

officer's written return on his precept. It is this writing which perfects, if it does not constitute the attachment. This is especially the case in relation to real estate. The officer may seize personal property, but unless he make a proper statement of it in writing on a precept, it cannot be deemed an attachment. The right of the officer and his servants to hold the property attached, is perfect, before the return of the precept to the office where it is returnable, and unless relinquished will continue till the return day. If it be not returned at all, the attachment will be dissolved. But the officer is allowed till the return day to make his return, and any delay, within that time, will not invalidate the attachment. And when the suit is settled before court, an omission to make any return of the writ, will not render a prior legal attachment invalid *ab initio.* It is not an uncommon or inconvenient practice for the officer to deliver the writ to the plaintiff's attorney, instead of the clerk or magistrate to whom it is returnable. If the suit be compromised in any way, the action is not entered and the writ remains in the possession of the attorney. And no evil or inconvenience results from this practice.

Of the admissibility of the card which was posted in the store where the defendant was employed, we have entertained doubts. It was offered upon the ground that it was posted up before the attachment of the beer pumps and was objected to on account of its irrelevancy. Whether the plaintiff placed it in the shop or not, as he was often there, he must be presumed to have seen it, and if so, to have assented to the truth of its contents. Upon the question of the ownership of these goods, as evidence of property in the plaintiff, it would certainly be inadmissible. But upon the question of probable cause, as having some tendency to induce the defendant to believe that the plaintiff owned the pumps, we are inclined to think it was admissible.

The question of its admissibility must be decided upon the facts made known to the court at the time when it was offered. The evidence afterwards introduced by the plaintiff, tending to show that the card was not posted up till after the larceny was supposed to have been committed, could not affect the correctness of the previous decision. It might render the

evidence improper ; but all that the Court could then do would be to instruct the jury, if they believed the fact attempted to be proved, to disregard the evidence. This piece of evidence was very light, and probably had no influence upon the minds of the jury. Even if improperly admitted, it would be a very slight cause for a new trial.

*Wilder*
*v.*
*Holden.*

*Judgment on the verdict.*